IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:16-CV-1288 |
| NORTH CAROLINA REPUBLICAN PARTY, DONALD J. TRUMP FOR PRESIDENT, INC., ROGER J. STONE, JR., and STOP THE STEAL INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on a motion for temporary restraining order and/or preliminary injunction filed by the plaintiff North Carolina Democratic Party. (Doc. 4). The plaintiff contends that the defendants are acting in concert to disrupt the upcoming election by intimidating voters in violation of the Voting Rights Act and the Ku Klux Klan Act of 1871. The plaintiff seeks injunctive relief prohibiting the defendants from encouraging individuals to serve as unofficial poll watchers, from monitoring polling places, from gathering or loitering within 50 feet of a polling place, and from photographing or otherwise intimidating voters.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail in the preliminary injunction motion, the plaintiff must demonstrate that (1) it is likely to succeed on the merits; (2) it will likely

suffer irreparable harm absent an injunction; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest. *Id.* at 20.

Tomorrow, November 8, 2016, is Election Day, when voting will take place in North Carolina for the president, a United States senator, the governor, and numerous other public officials. The plaintiff has presented evidence that the defendants are each organizing or encouraging volunteers to go to polling locations in North Carolina for the ostensible purposes of identifying and stopping voting fraud and conducting exit polling. The plaintiff has presented evidence from which it asks the Court to infer that the real purpose and effect of these volunteer activities will be to intimidate minority voters.

While the statements of the defendant Roger Stone, the defendants' presidential nominee, and the nominee's surrogates, taken in context, may be susceptible to the interpretation that Mr. Stone and the Trump campaign are encouraging their supporters to intimidate voters, there is little evidence that supporters are acting on these indirect suggestions. There have been only a handful of hearsay reports that purported supporters of the defendants' presidential nominee may have threatened or intimidated voters in North Carolina during several weeks of early voting. The only evidence that the plaintiff has presented as to North Carolina are statements to news media by Mr. Stone that volunteers will conduct exit polling in Charlotte and Fayetteville, (Doc. 6-5 at 1); a report on a social media website that two supporters of the defendants' presidential nominee were seen near the Board of Elections office in Lee County with a baseball bat emblazoned with the nominee's name, (Doc. 6-30); and a handful of hearsay reports from a few counties that individuals purporting to be supporters of the defendants' presidential

2

nominee have harassed voters at early voting polling places. (Doc. 8 at ¶¶ 3-9). The Lee County incident has been explained under oath and does not appear to have been intimidating conduct. (Doc. 11-1). The only evidence that any of this conduct has intimidated a voter or suppressed the vote is a hearsay report that one voter in Wake County left a polling place without voting in order to avoid persons telling voters waiting in line to vote for the defendants' nominee "or else." (Doc. 8 at ¶ 4). While there are additional reports nationwide, the evidence of such troubling "outlier statements" in other states is not particularly indicative that intimidation will occur in North Carolina. *See Ariz. Democratic Party v. Ariz. Republican Party*, No. 2:16-CV-3752, slip op. at 17 n.9 (D. Ariz. Nov. 4, 2016) (order denying preliminary injunction).

Even if all this evidence is credited, it is insufficient to establish a likelihood of success on the merits of the plaintiff's claims of a conspiracy by the defendants to train and encourage volunteers to intimidate voters in North Carolina. Nor is it sufficient to establish the degree of irreparable harm required to obtain the broad injunctive relief the plaintiff seeks.

Moreover, these statements by the nominee and others are also susceptible to the interpretation that these defendants are encouraging their supporters to report potential voter fraud. There is nothing inherently intimidating about persons observing spaces outside polling places and reporting possible fraud to appropriate officials or to a hotline in a peaceful, non-threatening, and non-disruptive manner. Supporters of particular candidates have long been allowed to encourage persons coming to the polls to vote a particular way, subject to reasonable space restrictions applicable to all. Trust and

3

confidence in election results is important, and restricting persons supporting one candidate or party from access to spaces near polling sites when there is not substantial evidence that the persons will act to or have been trained or encouraged to intimidate voters is not conducive to such trust and confidence and raises significant First Amendment concerns. Intimidation of voters, intentional or otherwise, is already against the law, and persons violating those laws are already subject to criminal prosecution and civil damages.

That said, voters are entitled to cast their ballots without fear of reprisal or threat of physical harm. *See* 52 U.S.C. § 10307(b) (making it illegal for any person, "whether acting under color of law or otherwise," to "intimidate, threaten, or coerce . . . any person for voting"); 42 U.S.C. § 1985(3). On Election Day, if it becomes apparent that agents of any defendant or supporters encouraged by any defendant are making an effort to intimidate minority voters or to further incite intimidation of voters, the plaintiff may renew the motion.

It is **ORDERED** that the plaintiff's motion for a temporary restraining order and/or preliminary injunction, (Doc. 4), is **DENIED,** without prejudice should circumstances change.

This the 7th day of November, 2016.

UNITED STATES DISTRICT JUDGE